IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES L. S.,**[1]<br><br>        Plaintiff,<br><br>        v.<br><br>**MARTIN O'MALLEY**, Commissioner of Social Security,<br><br>        Defendant. | Case No. 1:23-cv-1162-SI<br><br>**OPINION AND ORDER** |

Betsy R. Shepherd, 425 Riverwalk Manor Drive, Dallas, GA 30132. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Katherine B. Watson, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      James L. S. ("Plaintiff") seeks judicial review of the final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying his application for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Insurance Benefits ("DIB"). For the reasons discussed below, the Court affirms the decision of the Commissioner.

## STANDARD OF REVIEW

The decision of the administrative law judge ("ALJ") is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff filed an application for DIB on October 6, 2020, alleging a disability onset date of January 12, 2018. AR 29, 114. Plaintiff was born on March 31, 1958, and was 59 years old on the alleged onset date. AR 114. Plaintiff had previously filed two DIB applications. AR 43. He filed the first application on June 28, 2014. *Id.* It was denied initially and upon reconsideration. *Id.* Plaintiff filed his second application on September 18, 2017. *Id.* It was denied on January 11, 2018. *Id.*

On August 13, 2021, Plaintiff requested that his 2017 application for DIB be reopened based on new and material evidence. AR 162-63. At the same time Plaintiff requested to amend his alleged onset date for his October 2020 application to March 31, 2016. AR 162. On December 8, 2021, Plaintiff again requested that the Social Security Administration ("SSA") reopen his 2017 application and amend his alleged onset date. AR 171-72. At the administrative hearing held on July 6, 2022, Plaintiff informed the ALJ of both requests. AR 24, 29.

Plaintiff alleges he was unable to work due to diabetes mellitus, neuropathy, essential tremors, stage three kidney disease, vision issues, memory issues, numbness in fingers, hypertension. AR 30-31, 127, 140-41, 149. Plaintiff's medical records also include evidence of carpal tunnel syndrome, degenerative disc disease, gastroesophageal reflux disease ("GERD"), loss of strength in his left arm, obesity, anxiety, and depression. AR 46-47, 258, 280-87, 294-99, 352, 446-50, 455-57, 465-70. The agency denied Plaintiff's 2020 DIB application claim initially and upon reconsideration. AR 13-14, 67-69.

On December 1, 2021, Plaintiff requested a hearing before an ALJ. AR 82-83. Plaintiff and his attorney appeared for an online video hearing before ALJ John D. Sullivan on July 6, 2022. AR 26. On August 2, 2022, the ALJ issued a decision finding Plaintiff not disabled under

PAGE 3 – OPINION AND ORDER

sections 216(i) and 223(d) of the Social Security Act. AR 13-20. Plaintiff requested the Appeals Council review the ALJ's decision. AR 111-12. On June 12, 2023, the Appeals Council denied Plaintiff's request for review. AR 1. The ALJ's decision thus became the final decision of the Commissioner and Plaintiff timely appealed pursuant to 42 U.S.C. § 405(g).

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R.

PAGE 4 – OPINION AND ORDER

§§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099; *see Bustamante*, 262 F.3d at 954.

## C. The ALJ's Decision

As an initial determination for Plaintiff's DIB claim, the ALJ determined that Plaintiff's date last insured is December 31, 2018. AR 13. The ALJ then engaged in the sequential analysis. The ALJ did not mention any of Plaintiff's previous applications and adjudications. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from January 12, 2018, the initially alleged onset date, through December 31, 2018. AR 15. The ALJ did not address Plaintiff's request to amend his alleged onset date. At step two, the ALJ found that Plaintiff had the following medically determinable impairments: right carpal tunnel syndrome, cervical degenerative disc disease, diabetes mellitus, hypertension, GERD, obesity, an essential tremor, anxiety, and depression. *Id.* Then the ALJ determined Plaintiff did not have a severe impairment or combination of impairments because Plaintiff's medically determinable impairments did not significantly limit his physical or mental ability to do basic work activities. AR 16. Therefore, the ALJ concluded at step two that Plaintiff was not disabled under the Social Security Act. AR 20.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (A) failing to address Plaintiff's request to reopen his 2017 application for DIB; and (B) ignoring the severity findings of Dan Gardner, M.D., and

thus failing to support his finding that Plaintiff's impairments were not severe with substantial evidence.[2] The Court addresses each argument in turn.

**A. Plaintiff's Request to Reopen His Prior DIB Application**

   **1. Standards**

A court may review "any final decision of the Commissioner of" SSA. 42 U.S.C. § 405(g); *see also Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (stating that a plaintiff must exhaust the administrative process to obtain federal-court review). A court may not review an initial determination made by the SSA, including the SSA's denial of a claimant's request to reopen a determination or decision. 20 C.F.R. § 404.903(l); *see Califano v. Sanders*, 430 U.S. 99, 107-08 (1977) (concluding that "judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits" is not authorized). There is a narrow exception that establishes federal jurisdiction over the Commissioner's discretionary decision to reopen a claim when the "denial . . . is challenged on constitutional grounds."[3] *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Sanders*, 430 U.S. at 109). But generally, a district court lacks jurisdiction to review the Commissioner's discretionary decision to reopen a prior claim. *Sanders*, 430 U.S. at 107-08.

An SSA determination or decision "*may* be reopened . . . [w]ithin four years of the date of the notice of the initial determination" if there is a finding of "good cause." 20 C.F.R. § 404.988(b) (emphasis added). The SSA *will* find "good cause" if "(1) [n]ew and material evidence is furnished; (2) [a] clerical error in the computation or recomputation of benefits was

---

[2] Plaintiff does not assert that the ALJ erred by failing to consider Plaintiff's request to amend his alleged disability onset date.

[3] Plaintiff does not challenge the ALJ's refusal to reopen his claim on constitutional grounds.

made; or (3) [t]he evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(a)(1)-(3). These regulations require the SSA to find "good cause" if any of these three conditions are met. But the regulations merely *permit* the SSA to reopen a claim within four years of the initial determination if any of the three "good cause" conditions are met. They do not require the SSA to reopen a claim if there is a finding of "good cause."

Plaintiff's argument relies on the SSA's Program Operations Manual System (POMS), which documents the SSA's internal policies. POMS "does not impose judicially enforceable duties on either [the] court or the ALJ." *Lockwood v. Comm'r Soc. Sec. Admin*, 616 F.3d 1068, 1073 (9th Cir. 2010). POMS states that "[a]lthough SSA is not legally required to reopen a determination or decision when the claimant requests . . . it is SSA's policy to consider the request in all cases and to decide if reopening is appropriate." POMS SI 04070.015(A), https://secure.ssa.gov/poms.nsf/lnx/0504070015 (last visited September 13, 2024). POMS also provides a definition of "new and material evidence." POMS SI 050407.0010(F)(5)(a), https://secure.ssa.gov/poms.nsf/lnx/0504070010 (last visited September 13, 2024). It says: "New and material evidence is any evidence that was not part of the file when the determination or decision was made and which shows facts that can result in a conclusion different from that reached in the prior determination or decision." *Id.* The SSA's internal policies, as articulated in POMS, guide ALJs to consider requests to reopen prior claims, and to evaluate any new and material evidence offered in connection with a request. These, however, are not judicially enforceable duties. *See Lockwood*, 616 F.3d at 1073. They do not give the district court jurisdiction to review the SSA's discretionary decision to reopen, or not reopen, a prior claim. *See Sanders*, 430 U.S. 99, 107-08.

PAGE 7 – OPINION AND ORDER

### 2. Analysis

Plaintiff argues the ALJ erred by failing to address Plaintiff's requests to reopen his 2017 application in the decision. Plaintiff asserted that reopening his 2017 application was warranted because he presented "new and material evidence."[4] AR 162, 171, 190. Plaintiff informed the ALJ of his requests to reopen his claim at the hearing. AR 29-30. The ALJ, however, issued his decision without specifically addressing Plaintiff's request. Although the ALJ did not explicitly address Plaintiff's request to reopen his prior claim, the ALJ resolved Plaintiff's pending claim without reopening his previous claim, and therefore implicitly denied Plaintiff's request to reopen his claim.[5] The ALJ only had two options with respect to reopening the prior claim: (1) reopen it, or (2) decline to reopen it. Either choice, once made, is not subject to judicial review. By issuing his decision without reopening the prior claim, the ALJ implicitly communicated his discretionary choice not to reopen it. Therefore, the Court has no jurisdiction to review the ALJ's implicit decision not to reopen Plaintiff's 2017 application for DIB.

## B. Step Two Analysis

### 1. Standards

#### a. Step Two

At step two, the ALJ determines whether the claimant has an impairment that is both medically determinable and severe. The claimant bears the burden of establishing that he has a

---

[4] Plaintiff does not cite evidence in the record that constitutes new and material evidence that would justify reopening his prior claims.

[5] There are circumstances where, even when a decision is discretionary, a court shall "compel agency action [if it is] unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Even if Plaintiff were to make such an argument here, it would fail because Plaintiff received a timely answer in the form of the ALJ's decision that implicitly denied Plaintiff's request.

severe impairment by providing medical evidence. 20 C.F.R. § 416.912. An impairment is severe if it "significantly limits" the claimant's ability to do basic work activities, 20 C.F.R. § 416.920(c), which are defined as "abilities and aptitudes necessary to do most jobs," SSR 85-28, 1985 WL 56856 (Jan. 1, 1985). An impairment is medically determinable if it is diagnosed based on "objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921; *see also* SSR 96-4P, 1996 WL 374187 (July 2, 1996) (requiring "medical signs and laboratory findings" to establish a medically determinable impairment).

An impairment or combination of impairments is "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original) (quotation marks omitted). The ALJ is required to consider the combined effect of all the claimant's impairments on her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citing 20 C.F.R. § 416.923). The step two inquiry is a "*de minimis* screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

### b. Medical Consultant Evidence

Plaintiff filed his application for benefits on October 6, 2020. For claims filed on or after March 17, 2017, Federal Regulation 20 C.F.R. § 404.1513a governs how an ALJ must evaluate evidence from a federal or state agency medical consultant. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). "A medical consultant is a member of a team that makes disability determinations" for a state agency or the SSA. 20 C.F.R. § 404.1616(a). Medical consultants "complete[] the medical portion of the case review" at the initial and reconsideration disability determination levels. *Id.* ALJs "are responsible for reviewing the evidence and . . . will consider prior administrative medical findings and medical evidence from . . . Federal or State medical or psychological consultants . . . according to

PAGE 9 – OPINION AND ORDER

§§ 404.1520b, 404.1520c, and 404.1527." 20 C.F.R. § 404.1513a(b)(1). ALJs "are not required to adopt any prior administrative medical findings." *Id.*

"Statements about whether or not" the claimant has "a severe impairment" are "inherently neither valuable nor persuasive to the issue of whether" the claimant is disabled. 20 C.F.R. § 404.1520b(c). Therefore, ALJs "will not provide any analysis about how [they] considered such evidence in [their] . . . decision, even under § 404.1520c." *Id.* Findings of severity are reserved to the Commissioner. *Id.* An ALJ will not provide any analysis of issues reserved to the Commissioner. *Cf. Sandra G. v. Kijakazi*, 2023 WL 4760619, at *9 (D. Or. July 26, 2023) ("Notably, statements that a Plaintiff is disabled or unable to work are inherently neither valuable nor persuasive and an ALJ need not provide any analysis about how such statements were considered."); 20 C.F.R. § 404.1520b(c)(3)(i); *see also Ford v. Saul*, 950 F.3d 1141, 1157 n.9 (9th Cir. 2020) ("Even if the ALJ had decided to credit Dr. Medani's opinion, the applicable regulations instruct that such a statement about whether or not the claimant's impairment(s) meets or medically equals any listing in the Listing of Impairments would be neither valuable nor persuasive." (cleaned up)).

### 2. Analysis

Plaintiff argues that the ALJ's decision at step two is not supported by substantial evidence because the ALJ erred by ignoring the severity findings of state agency medical consultant Dan Gardner, M.D. The ALJ did not err simply by failing to accept Dr. Gardner's assessment that Plaintiff had severe impairments or specifically address those findings. *See* 20 C.F.R. § 404.1520b(c)(3); *Ford*, 950 F.3d at 1157 n.9. The Court, however, reviews whether the ALJ's conclusion that Plaintiff did not have any severe impairment is supported by substantial evidence.

PAGE 10 – OPINION AND ORDER

Dr. Gardner conducted the medical evaluation for the SSA's initial review on June 8, 2021. AR 47. In his assessment, Dr. Gardner found that Plaintiff's medically determinable impairments included essential tremors, hypertension, diabetes mellitus, hyperlipidemia. GERD, tobacco abuse, a history of heart disease, and obesity. *Id.* Dr. Gardner found that the medical evidence of record was insufficient to find Plaintiff disabled as of the date last insured, December 31, 2018. *Id.* Dr. Gardner did, however, assign severity ratings to three of the impairments as follows: diabetes mellitus (severe); hypertensive vascular disease (severe); and depressive, bipolar, and related disorders (severe). *Id.* The disability examiner, Erin Dalton, relying on Dr. Gardner's findings, determined Plaintiff was not disabled. AR 50-51. The agency medical consultant who reviewed Plaintiff's claim upon reconsideration concluded that Plaintiff did not have any severe impairments. *See* AR 61.

In his decision, the ALJ "considered the analysis and conclusions set forth by the state agency medical and psychological consultants . . . at the initial and reconsideration levels of adjudication." AR 19. The ALJ found that both state agency consultant's opinions that Plaintiff was not disabled were "consistent with the longitudinal evidence of record." *Id.* In making this determination, the ALJ reviewed extensive record evidence, including the evidence that Dr. Gardner relied on in making his determination, particularly records from September 28, 2017, January 2, 2018, and January 30, 2019. *See* AR 17-19 (ALJ's opinion citing AR 280-87, 294-99, 446-50, 455-57, 465-70); AR 46-47 (Dr. Gardner's report citing same).

Considering the record as a whole, the ALJ's conclusion that Plaintiff's medically determinable impairments were not severe is supported by substantial evidence. The ALJ reviewed the medical records and found the record showed that Plaintiff was able to control his diabetes through diet and insulin, AR 17 (citing 247, 281, 286, 289, 292, 306, 311, 464, 469),

and his tremors by taking primidone, AR 18 (citing 252, 258, 456-57, 460, 469). The ALJ also noted that the record does not "establish any long-term spinal pain impairment" and Plaintiff has "normal range of motion, no cranial nerve deficit, a normal gait, intact coordination, and five out of five muscle strength, as well as intact sensation, reflexes, and muscle tone." AR 18 (citing AR 244, 249, 254-55, 285, 289, 305, 459-60, 463, 476). The ALJ continued, finding that Plaintiff's hypertension did not limit his ability to do work activities and that he was not advised to reduce activities. *Id.* (citing AR 280, 288, 294, 446, 465, 474). Finally, the ALJ relied on Plaintiff's own responses in his function report to conclude that Plaintiff's "impairments caused no more than 'mild' limitation" in his ability to understand, remember, or apply information, interact with others, concentrate, persist, maintain pace, or adapt and manage himself. AR 18-19 (citing AR 140-47).

Although step two is a *de minimis* review, it is still a step in the process at which Plaintiff bears the burden of proof. The ALJ's decision rationally considered the record and pointed to significant evidence in the record supporting the ALJ's conclusion. Therefore, the ALJ's determination that Plaintiff did not suffer from a severe impairment is supported by substantial evidence.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 24th day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge